Patterson, Appellant, *v.* Delaware County.

Argued April 19, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Clement J. McGovern,* for appellant.

*John F. Cramp,* for appellee.

OPINION PER CURIAM, May 25, 1961:

Plaintiff took this appeal from the Order of the Court below which sustained defendant's preliminary objections in the nature of a demurrer and dismissed plaintiff's complaint in assumpsit.

The present controversy arose out of a written contract entered into on May 4, 1959, between plaintiff and the County of Delaware. Under the contract plaintiff was to rent excavating equipment and operators to defendant on a unit basis. The rental unit prices were specified at both daily and weekly rates. The contract provided, inter alia: "The Rental Periods on this Proposal are estimated on the basis of prior and probable future needs and may be increased or decreased at the discretion of the County Commissioners, according to the needs of the County Park and Recreation Board. The unit prices shown on the Proposal shall apply to all orders issued between the time of signing [May 4, 1959] of this Contract and September 1, 1959, inclusive." There was no other pertinent provision as to contract termination. During the period from May 4,

1959, to September 1, 1959, plaintiff supplied the equipment and operators which were ordered and was paid for this work. Thereafter, plaintiff—at the oral request and upon the oral representations of the County's Superintendent of Parks*—continued the work during September, October and November, 1959. Plaintiff submitted bills to the County for that work in the amount of $11,150; the County refused payment.

Plaintiff contends that the contract did not terminate on September 1, 1959, as argued by the County, and that therefore the County remains liable on the Contract.

The lower Court sustained the County's preliminary objections and dismissed the complaint, holding (1) that the contract terminated on September 1, 1959; (2) that the County is not liable under a contract which is not in writing; and (3) that there is no statutory authority permitting plaintiff to proceed on a theory or basis of quantum meruit.

The County Code of August 9, 1955, P. L. 323, §1802(a), as amended, 16 PS §1802(a) provides: "All contracts for services and personal property where the amount thereof exceeds the sum of one thousand dollars ($1000), shall be written and shall . . . be made by advertising for bids." It was passed to prevent fraud. Sometimes, as in this case, it works a gross injustice, but it cannot be evaded, ignored, nullified or rewritten by a Court.

Order affirmed.

---

* This additional equipment-operators-rental was neither ordered nor approved in writing or orally by the County Commissioners.