Carnegie Natural Gas Company *v.* Allegheny
County, Appellant.

Argued November 21, 1961. Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Maurice Louik,* County Solicitor, with him *Arthur
L. McLaughlin, III,* Assistant County Solicitor, for
County of Allegheny, appellant.

*J. Tomlinson Fort*, with him *Carl E. Glock*, and *Reed, Smith, Shaw & McClay*, for appellee.

OPINION BY MR. JUSTICE COHEN, January 2, 1962:

Carnegie Natural Gas Company (Carnegie) seeks to recover from the County of Allegheny (County) the cost of replacing part of its gas lines. Liability is sought to be imposed upon the County by agreement of Carnegie with County entered into in August, 1929.[1] The County resists, claiming that the agreement had no validity since Carnegie did not seek its approval by the Public Service Commission as provided for in the agreement and as required by the Act of 1913, P. L. 1374.[2]

---

[1] This agreement provides, inter alia: "7. If, at any time in the future, any or all of the three present lines which the Company is permitting to remain in their present location between points U and W and points Y and S shall become unserviceable, the Company shall have the right to enter upon the property and excavate a ditch or ditches from point U to point W and/or from point Y to point S, and install a new line or lines from point U to point W and/or from point Y to point S, using new pipe lines and the connections and materials necessary to connect with any or all of the three pipe lines now being installed between point W and point Y under the terms of this agreement. Said line or lines to have a full three (3) foot coverage when installed. If it is necessary for the Company to install a new line or lines as provided for in this paragraph it shall dig the necessary ditch or ditches, furnish the necessary pipe line or lines and materials, lay said lines, back fill said trench or trenches, and upon the completion of the work *shall submit a bill to the County for the amount of the cost thereof, which the County shall promptly pay.*

. . .

"20. This agreement is made and entered into subject to the *approval of the Public Service Commission of the Commonwealth of Pennsylvania*, and application thereto for approval hereof shall be made by the Company promptly upon the execution hereof by both parties." (Emphasis supplied).

[2] The regulatory authority which existed in the Public Service Commission over contracts between public utilities and municipal corporations under the Act of July 26, 1913, P. L. 1374 (which pro-

The lower court, in permitting recovery by Carnegie, overlooked the clear pronouncements of this court that where a statute provides that a contract entered into by a municipality should be executed in a particular manner, no liability is imposed upon that municipality unless the method prescribed by statute has been pursued. *Patterson v. Delaware County,* 404 Pa. 5, 171 A. 2d 47 (1961) ; *Maryland Casualty Co. v. Darby Township,* 399 Pa. 492, 160 A. 2d 706 (1960) ; *Commonwealth v. Seagram Distillers Corporation,* 379 Pa. 411, 109 A. 2d 184 (1954) ; *Luzerne Township v. Fayette County,* 330 Pa. 247, 199 Atl. 327 (1938). Statutory requirements for execution of such contracts are mandatory—not merely directory. Similar provisions in other statutes have been uniformly construed as mandatory. See *Yoder v. Luzerne Township School District,* 399 Pa. 425, 426-9, 160 A. 2d 419 (1960).

In addition to the usual purposes behind the provisions requiring the execution of governmental contracts in a certain prescribed manner, i.e., the prevention of collusion and dishonesty, we can see in this instance an additional reason for the legislative requirements of commission surveillance in the Act of 1913 and, now, in the Act of 1937. The engineering, accounting and legal staffs of utilities are specially trained in

---

vided that no contract between any public service company and any municipal corporation should be valid unless approved by the commission) passed to the Public Utility Commission under the Act of May 28, 1937, P. L. 1053, 66 P.S. §§1101, 1351 (which provides that no contract between any public utility and any municipal corporation shall be valid unless filed with the commission at least thirty days prior to its effective date, provided that the commission may, prior to the effective date of such contract, institute proceedings to determine the reasonableness and legality thereof, and, upon the institution of such proceeding, the contract shall not be effective until the commission grants its approval thereof). *Allegheny County v. Pennsylvania Public Utility Commission,* 192 Pa. Superior Ct. 100, 107-8, 159 A. 2d 227 (1960).

utility representation and thus, in many cases, have a decided advantage in contract negotiations with their counterparts in municipal government. For this reason, the legislature may have required the commission, which also possesses expertise in all phases of utility matters, to approve such contracts, thus safeguarding the municipality by providing a method for preventing overreaching on the part of the utility.

We see no reason why failure to conform with the statutory requirements of approval by the commission should be excepted from the general rule that no contractual liability is incurred by the municipality unless statutory requirements are complied with. The legislature in the Act of 1913 required the commission to approve such contracts between municipalities and utilities. Such approval was not obtained, hence no recovery may be had by the utility for work done while the contract was unapproved. Proper though this contract might be, and as favorable as its terms are to the County, the County is without authority to pay in this instance. Subsequent approval of the contract by the commission in 1959 did not validate the contract so as to legalize the payment. The approval by the commission of the contract specifically was not made nunc pro tunc; hence, it is not necessary to decide whether the contract would have been revitalized by a nunc pro tunc approval.

Judgment reversed and here entered for the County.