## Coleman v. Stevenson

*Donald E. Hittle* and *Anna Belle Jones*, for plaintiffs.

*George Hardy Rowley*, for defendant.

STRANAHAN, *P. J.*, July 8, 1974—The matter before the court arises from an action of mandamus. Plaintiffs have filed this action to compel the county controller to approve a contract for payment together with interest. The facts in this matter are not disputed to a substantial degree.

In 1972, the District Attorney of Mercer County desired a subgrant of Federal funds from the Governor's Justice Commission to obtain for his office a full-time crime investigator and a police type vehi-

cle for the investigator's use. He, therefore, solicited prices for such vehicle from two local dealers and received bids as follows: Robbins Ford Mercury quoting $3,450 for a 1973 Ford Custom 500, and Lucas Chrysler-Plymouth quoting $3,157.65 for a 1972 Plymouth Fury II. The district attorney's application to the Governor's Justice Commission for the investigator and and the 1972 Plymouth was approved on July 13, 1972, by the county commissioners and on October 3, 1972, by the Justice Commission. Pursuant to the application, 75 percent or $2,368, would be supplied by the requested funds from the Justice Commission and 25 percent, or $790, would be contributed by Mercer County.

Upon being informed of the Justice Commission's formal approval, the county commissioners entered into a contract with Lucas Chrysler-Plymouth on November 9, 1972, for the purchase of the police type vehicle.

The commissioners delivered to defendant this contract, the vehicle buyer's order form, Invoice no. 1228, of Lucas Chrysler-Plymouth, and their written request that the claim be approved and paid. Defendant refused to approve or pay the contract price because it was not in compliance with the Act of August 9, 1955, P.L. 323, sec. 1802(a) and (b), as amended, 16 P.S. §§1802(a) and (b), which require public advertising and bidding when a county purchase involves more than $1,500.

It is the position of plaintiffs that this purchase is excepted from this general rule of advertising and bidding. They rely upon subsection (h)(3) of section 1802, which excepts the following types of contracts from the advertising and bidding requirement:

"Those where particular types, models or pieces

of new equipment, articles, apparatus, appliances, vehicles, or parts thereof, are desired by the commissioners, which are patented and manufactured or copyrighted products."

It is plaintiff's contention that a Plymouth automobile is simply a mechanical complex of patented parts and, as such, the purchase thereof does not require public advertising and bidding. Thus, the issue before the court simply resolves itself to whether the purchase of an automobile constitutes the purchase of a patented and manufactured piece of equipment within the meaning of subsection 1802(h)(3) of the County Code.

Obviously, automobiles are manufactured and at least some of the component parts are undoubtedly protected by patents. Yet it is difficult to believe that this is the type of product the legislature intended to exempt from the general advertising requirement.

The purpose of such advertising and bidding requirements on large contracts has traditionally been to encourage competition and thus to insure that the governmental unit receives the best possible price (Silsby Mfg. Co. v. Allentown, 153 Pa. 319 (1893)), and to avoid fraud: Patterson v. Delaware County, 404 Pa. 5 (1961). Therefore, such competitive bidding statutes are considered to be mandatory and must be observed: Commonwealth ex rel. v. Jones, 283 Pa. 582 (1925).

Thus, subsection (h)(3) which creates an exception for products "desired by the commissioners which are patented and manufactured" should be limited to situations where there is no competition in the manufacture of the product desired. Any other interpretation of the advertising and bidding requirement would defeat its underlying object of

securing competition, and this the legislature could not have intended. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.": 1 Pa.C.S. 1921 (a).

In Knapp v. Miller, 34 D. & C. 2d 380 (1963), affirmed 415 Pa. 575 (1964), the court had occasion to interpret the application of an identical exception to the advertising and bidding requirement in The Borough Code of May 4, 1927, P.L. 519 art. XIII.I, sec. 1316, as amended, 53 P.S. §46402(d)(3). There, the borough council contracted for the purchase of 177 new parking meters without advertising for bids. The court held:

"that the 'patented and manufactured or copyrighted' exemption to the public bidding requirement applies only when the type or class of article sought by the municipality is manufactured only by one manufacturer under patent or copyright protection, and where there is absolutely no competitor manufacturing the same type or class of article.": Id. page 385; in accord, Addressograph Sales Agency v. County of Luzerne, 32 Luzerne L. Reg. 444 (1939).

Certainly, the purchase of a police-type vehicle in the instant case could have been obtained from any one of the major car manufacturers. In fact, as indicated above, a price was obtained from a Ford dealer. Thus, it appears clear that there is competition in the manufacturing in the same class of article, and competititve bidding should have been secured.

The fact that such an automobile consists of at least some patented parts should not automatically bring the purchase within subsection (h)(3). As so aptly pointed out in Knapp v. Miller, supra, scarcely a manufactured product is made which does not

contain a patented part: Id. page 383. The critical inquiry in determining the applicability of subsection (h)(3) is not whether the product desired contains a component part which is patented but whether the product is so patented as to eliminate competition in its manufacture and thus render advertising for bids futile.

Finally, there is some testimony in the record that the county desired the type of car employed by the State Police which were then Plymouths and that a heavy duty suspension and battery were preferred. However, as was pointed out in Knapp v. Miller, supra, page 385, where no monopoly in the manufacture of this type or generic class, if specific features or characteristics are found appealing, the solution is to indicate these characteristics in the specifications for bidding, not to eliminate the bidding altogether.

Therefore, we find that the exemption created by subsection 1802(h)(3) was inapplicable to the purchase of this vehicle and that 16 P.S. §1802 required the public advertising for bids.

### ORDER

And now, July 8, 1974, the writ of mandamus is dismissed. Exceptions are granted plaintiffs.