## Perry v. Tioga County

C.P. of Tioga County, no. 927-1991 Civil.

*Warren R. Baldys,* for plaintiff.
*Edith L. Dowling,* Tioga County Solicitor, for defendant.

SAXTON, *J.,* June 13, 1996—

## PROCEDURAL AND FACTUAL HISTORY

The following facts are agreed to by both parties. Plaintiff was terminated from his employment with Tioga County. Plaintiff then filed an action alleging wrongful discharge and breach of his employment contract. Defendant filed preliminary objections in the nature of a demurrer to plaintiff's complaint on December 23, 1991. While the case was pending and after negotiations, defendant's solicitor sent a release to plaintiff offering to settle the dispute for $40,000. Plaintiff accepted this offer by executing the release and returning it to defendant's solicitor. Thereafter, defendant refused to execute the release. On September 29, 1992, plaintiff filed a motion to amend his complaint to add a claim for breach of contract based on defendant's failure to execute and fulfill the terms of the release. On April 14, 1993, this court granted plaintiff's leave to file an amended complaint and ordered that the amended complaint submitted by plaintiff be filed as of that date.

On May 3, 1993, defendant filed an answer to the complaint and amended complaint as well as a motion for judgment on the pleadings. Defendant argued (1) there was no binding contract because the release had not been approved in an open meeting as required by the Sunshine Act and the county solicitor never had the requisite authority to settle the claim with plaintiff and (2) even if the release was a valid offer, plaintiff did not provide the bargained-for exchange of discontinuing his lawsuit.

This court, in an opinion and order dated June 9, 1993, granted defendant's motion for judgment on the pleadings and dismissed plaintiff's complaint with prejudice as to all counts.

Plaintiff appealed this dismissal to the Commonwealth Court of Pennsylvania. On October 18, 1994, the Commonwealth Court affirmed the dismissal of plaintiff's complaint relative to his claims of wrongful discharge and breach of the employment contract. However, the Commonwealth Court vacated this court's dismissal of plaintiff's complaint relative to the breach of contract claim for the proposed release. In doing so, the Commonwealth Court found: (1) that the issue of the solicitor's authority dealt with matters outside of the record and could not be considered on preliminary objections and (2) plaintiff was not required to discontinue his lawsuit for the release to become effective. Thus, the case was remanded back to this court "to determine whether the proposed release was properly authorized and [whether] the county solicitor had the authority to make an offer that was enforceable." *Perry v. Tioga County,* 168 Pa. Commw. 126, 134, 649 A.2d 186, 189 (1994).

After remand, further discovery was conducted and both plaintiff and defendant filed the instant cross motions for summary judgment.

## DISCUSSION

In determining whether to grant a motion for summary judgment pursuant to Pennsylvania Rule of Civil Procedure 1035, the court must determine whether "the pleadings, depositions . . . together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden is on the party seeking summary judgment to convince the court there are no genuine issues of material fact; any doubts should be resolved against the moving party. *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 412 A.2d 466 (1979). Any genuine issue as to any material fact is enough to defeat a motion for summary judgment. *Prince v. Pavoni,* 225 Pa. Super. 286, 302 A.2d 452 (1973). Summary judgment should be entered only in cases that are clear and free from doubt. *Banker v. Valley Forge Insurance Company,* 401 Pa. Super. 367, 585 A.2d 504 (1991).

In support of his motion for summary judgment and in defense of defendant's claims, plaintiff cites (1) Count III of plaintiff's amended complaint with the attached copy of the release executed by plaintiff; (2) defendant's answer filed on May 3, 1993; (3) the deposition of William D. Hall, chairman of the board of Tioga County Commissioners, taken September 15, 1992; (4) the deposition of Walter G. Barnes, Tioga County Commissioner, taken November 17, 1995; and (5) the affidavit of former Tioga County Commissioner Oliver R. Bartlett, dated October 13, 1995. Both depositions and the affidavit have been properly filed with the court. Plaintiff asserts these items show a valid contract was offered by the Tioga County Commissioners to plaintiff through their solicitor. There is no factual dispute that such an offer

was delivered by the Tioga County Solicitor to plaintiff and that plaintiff signed the agreement as acceptance of the offer. However, defendant contends that the release offered to plaintiff was not a valid contract because the proposed release was not properly authorized by the county commissioners and the county solicitor was not authorized to negotiate a binding contract with plaintiff. These are the two bases by which defendants seek summary judgment.

## The Validity of the Release As a Contract

The Sunshine Act, 65 P.S. §271, et seq., at 65 P.S. §274, provides that all "official action and deliberations by a quorum of the members of an agency" must be done in an open, public meeting except as provided under sections 277, 278 or 279. An "agency" includes the Tioga County Commissioners. See 65 P.S. §273. Title 65, sections 277 and 278 provide that an agency may hold an executive session, which is closed to the public, for certain reasons including: (1) discussing any matter involving the employment or termination of employment of a former public employee; and (2) consulting with an attorney relating to information or strategy in connection with litigation. The above exceptions recognize that the public would be better served if some issues were considered out of public view. Although these executive sessions may be closed to the public, the time and reason for the executive session must be disclosed with specificity. *Reading Eagle Company v. Council of City of Reading,* 156 Pa. Commw. 412, 627 A.2d 305 (1993). Further, any official action, such as a vote, on the discussions held in executive session must be taken in open meeting. 65 P.S. §278; *Keenheel v. Commonwealth, Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990).

Discussion of litigation settlement offers may be done in executive session. As stated by the Commonwealth Court, if "the amount of settlement offers . . . became public, it would damage the municipality's ability to settle or defend those matters and all the citizens would bear the cost of that disclosure." *Reading, supra* at 415, 627 A.2d at 307. In *Keenheel, supra,* a racial discrimination case, the commission, while sitting in executive session, voted to enter into a settlement contract with the plaintiff. Later, the plaintiff sought rescission of the settlement contract asserting that the contract was illegal because the commission did not vote in open session. The trial court refused to rescind the contract and the Commonwealth Court affirmed. In affirming the trial court, the Commonwealth Court found that discussion of the settlement offer was proper in executive session; however, any vote should have been in open session. Thus, the commission was in violation of the Sunshine Act. However, the Commonwealth Court refused to rescind the settlement contract. 65 P.S. §283 gives the court discretion to invalidate any official action taken at an illegally closed meeting. Conversely, it is not "axiomatic" that the court must invalidate such action. *Keenheel,* at 500, 579 A.2d at 1361. The Commonwealth Court found that the petitioner seeking rescission of the settlement contract could not show any injury because of the commission's violation of the Sunshine Act. Thus, the court found that justice would not be served by setting aside the settlement agreement. *Id.* at 501, 579 A.2d at 1361.

Although a different set of facts, *Keenheel* is an informative case in deciding this matter. Defendant's argument is that since any official action which may have been taken by the commissioners was done in private, it is automatically void. *Keenheel* says otherwise. The Sunshine Act does not strip the commissioners of their power to make contracts which bind

the county. Rather, the Act establishes a procedure so that the citizens of Tioga County can monitor how the men they elected commissioners use the power entrusted to them. The Tioga County Commissioners held several private meetings to discuss the ongoing litigation with plaintiff and the prospect of settling that litigation. Such private discussions were not in violation of the Sunshine Act. However, any action taken based on those discussions had to be done at a public meeting. Thus, like the commission in *Keenheel,* the commissioners were in violation of the Sunshine Act when they decided to act on their private discussions by offering the settlement to plaintiff. Following *Keenheel,* the court finds that such a violation does not automatically void the action taken by the commissioners. Section 283 of the Sunshine Act, which gives a court the discretion to invalidate action taken in contravention of the Act, is a protection given to citizens to stop actions taken outside of their public view. The court finds it is not a sword to be used by those who acted in contravention of the Act to avoid the consequences of their illegal private actions. Thus, the court refuses to dismiss any contract claim on this basis.

Defendant also asserts there is no contract, as a matter of law, because the release was not properly executed according to statute.

The release was sent to plaintiff by the Tioga County Solicitor. When the release was mailed to plaintiff it contained lines and spaces for the signatures of the county commissioners and chief clerk as well as space for the county seal. However, none of those signatures were on the release. After the release was mailed to the plaintiff the commissioners changed their position as to settlement. Plaintiff signed the release and returned it to the commissioners. The commissioners refused to execute the release.

Only the county commissioners have the authority to enter into contracts which bind the county. Contracts over $10,000 must be in writing. 16 Pa.C.S. §1802. Official instruments, such as contracts, which are to be executed by the county commissioners, "shall be done by at least two of the commissioners and attested by the chief clerk who shall affix the county seal." 16 Pa.C.S. §504. No contractual liability is incurred by the municipality unless the statutory requirements of making that contract are complied with. *Carnegie Natural Gas Co. v. Allegheny County,* 406 Pa. 134, 176 A.2d 630 (1962). Where a statute provides for the execution of a contract in a particular manner and the statute is not followed the contract is not binding. *Commonwealth v. Seagram Distillers Corp.,* 379 Pa. 411, 109 A.2d 184 (1954).

Since this release was not properly executed as required by statute, the court must find that it is not binding on the commissioners. Thus, there can be no contract liability. The court recognizes this decision may be unfair; however, this is a contract action and not an equity action. Further, as the Pennsylvania Supreme Court noted, the statutes governing municipal contracts sometimes "work a [great] injustice, but [they] cannot be evaded, ignored, nullified or rewritten by a court." *Patterson v. Delaware County,* 404 Pa. 5, 7, 171 A.2d 47, 48 (1961). Thus, even assuming a contract was formed between the county and plaintiff, it is invalid because it was never properly executed by the county according to statute.

## ORDER

And now, June 13, 1996, in accordance with the foregoing opinion, it is hereby ordered that defendant's motion for summary judgment is granted and plaintiff's complaint is hereby dismissed.