## Lewis v. McClain

C.P. of Fayette County, no. 812 of 2004, G.D.

*P. William Bercik,* for plaintiff.
*Rhonda J. Sudina,* for defendant.

SOLOMON, *J.*, July 7, 2005—Before the court is a motion for summary judgment filed by the defendant, William McClain. The motion alleges that there exist no genuine issues of material fact and that, therefore, the defendant is entitled to judgment as a matter of law.

## BACKGROUND

The plaintiff's complaint arises from an incident that occurred on June 5, 2002, in the parking lot of Pechins'

Shopping Village in Fayette County, Pennsylvania. The plaintiff avers that, as she was exiting the parking lot, the defendant negligently backed into the driver's side door of her car. She asserts that, as a result of the defendant's negligence, she suffered multiple injuries, including exacerbation of pre-existing back, neck, and foot injuries, injuries to her left hip, knee, and elbow, other injuries to tissues, muscles, ligaments and tendons, and anxiety and emotional disturbance. She further claims that, as a result of those injuries, she has suffered significant economic and noneconomic damages.

## DISCUSSION

Motions for summary judgment are governed by Pa.R.C.P. 1035.2, which provides:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a

claim or defense after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990). Further, summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits . . . demonstrate that there exists no genuine issue of fact" and that the moving party is entitled to judgment as a matter of law. *Janson v. Cozen and O'Connor,* 450 Pa. Super. 415, 423, 676 A.2d 242, 246 (1996).

Under Rule 1035.2(2), if a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996). The non-moving party must adduce sufficient evidence on an issue essential to its case, and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party, and may not rest upon the averments contained in its pleadings. *Amabile v. Auto Kleen Car Wash,* 249 Pa. Super. 240, 376 A.2d 247 (1977). The non-moving party must also demonstrate that there is a genuine issue for trial. *Id.,* Pa.R.C.P. 1035.2(2). If the non-moving party fails to satisfy this burden, a genuine issue of material fact does not exist and the moving party is entitled to judgment as

a matter of law. *Tenos v. State Farm Insurance Co.,* 716 A.2d 626 (Pa. Super. 1998).

In determining whether summary judgment should be granted, the court must examine the record; any inferences must be viewed in the light most favorable to the non-moving party; and any doubt must be resolved against the moving party. *Potter v. Herman,* 762 A.2d 1116 (Pa. Super. 2000).

The court must also be aware that oral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact. *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932); *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). If the moving party has supported the motion with oral testimony only, the non-moving party may raise the defense that there is a genuine issue of material fact because the cause of action is dependent upon the credibility and demeanor of the witnesses who will testify at trial. *Id.*

This long-standing rule, and its modern application, are perhaps best summarized by the Superior Court in *Dudley v. USX Corp.,* 414 Pa. Super. 160, 606 A.2d 916 (1992):

"A review of [the precedents] demonstrates that there is an inherent three-step process involved in determining whether the *Nanty-Glo* rule applies so as to preclude a grant of summary judgment. Initially, it must be determined whether the plaintiff has alleged facts sufficient to establish a prima facie case. If so, the second step is to determine whether there is any discrepancy as to any facts

material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has usurped improperly the role of the jury by resolving any material issues of fact.

"It is only when the third stage is reached that *Nanty-Glo* comes into play. Thus, it is true that *Nanty-Glo* precludes summary judgment where the moving party relies solely upon testimonial affidavits and depositions of his witnesses to resolve material issues of fact. However, if there are no material issues of fact, or if the nonmoving party has failed, in the first instance, to allege facts sufficient to make out a prima facie case, then summary judgment may be granted properly, even if the moving party has only set forth the pleadings and depositions of his witnesses in support thereof. . . . Error only occurs if the moving party, in relying upon the testimonial affidavits of his witnesses, is attempting to resolve a material issue of fact, or more importantly, is attempting to demonstrate the lack of any material issues of fact by asserting that the testimony of his witnesses is uncontradicted." *Id.* at 168-69, 606 A.2d at 920. (footnote omitted)

With these principles to guide us, we will now consider the motion of the defendant for summary judgment.

The plaintiff contends that the defendant was negligent in his driving, causing her injuries, and, therefore, he should compensate her for his negligent actions. The defendant argues that the plaintiff has failed to establish an essential element of her negligence claim in that she has produced no evidence of injury and, therefore, is entitled to no recovery. The defendant also argues that, regardless of whether he is ultimately determined to be

negligent, the plaintiff is barred from recovering non-economic damages because she chose the limited tort option on her automobile insurance.

In order to prove negligence, a plaintiff must show that the defendant owed her a duty, that the defendant breached that duty, that the plaintiff suffered damages, and that the defendant's breach of duty was the cause of plaintiff's damages. *Brisbine v. Outside In School of Experiential Education Inc.,* 799 A.2d 89 (Pa. Super. 2002); *Miseo v. Ross Township Police Dep't.,* 147 Pa. Commw. 263, 607 A.2d 806 (1992).

It is well-settled that drivers owe each other a duty to drive carefully and that any accident suggests a breach of that duty, and we will not belabor this point with a lengthy analysis. In the case at bar, there is no dispute that the plaintiff and the defendant were involved in a motor vehicle accident on June 5, 2002; thus, the plaintiff has sustained her burden, at this point, as to duty and breach. The dispute here is whether the plaintiff suffered any injury that was caused by the defendant, thereby incurring any damages. Hence, the key issue is whether, and to what extent, the plaintiff was injured in the accident.

The normal negligence analysis must be made here hand-in-hand with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., (MVFRL), which, among other things, addresses the circumstances under which individuals carrying automobile insurance issued in Pennsylvania may sue for certain damages. There is no dispute that the plaintiff chose the limited tort option on her automobile insurance. Under section 1705 of the MVFRL, "each person who elects

the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss." 75 Pa.C.S. §1705.

Hence, given the plaintiff's choice of the limited tort option, she is precluded from recovering noneconomic damages unless she can show that she suffered a serious injury. "Serious injury" is defined as "a personal injury resulting in death, serious impairment of body function, or permanent serious disfigurement." 75 Pa.C.S. §1702. Further, our Supreme Court has outlined the test for determining whether an injury resulted in serious impairment.

"The 'serious impairment of body function' threshold contains two inquiries: (a) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident? [and] (b) Was the impairment of the body function serious? The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function." *Washington v. Baxter,* 553 Pa. 434, 447, 719 A.2d 733, 740 (1998).

Generally, in order to prove the existence or extent of medical injuries, a plaintiff must submit competent expert medical testimony of the injuries, based on a reasonable degree of medical certainty. *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978). This principle is based upon the general acknowledgement that the complexities of the human body place questions as to the

cause of pain or injury beyond the knowledge of the average layperson. *Id.* Furthermore, to prove a "serious injury" under the limited tort option of the MVFRL, expert medical testimony of the requisite serious injury is required. *Washington v. Baxter, supra.*

"Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment. . . . In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious." *Id.* at 447, 719 A.2d at 740.

Subjective allegations presented in the absence of objective medical evidence are not sufficient to find that a plaintiff suffered the requisite "serious injury." *McGee v. Muldowney,* 750 A.2d 912 (Pa. Super. 2000). Generally, the determination of whether a plaintiff has suffered a serious injury should be made by the jury in all but the clearest of cases. *Washington v. Baxter, supra.* However, if reasonable minds cannot differ on the issue of whether a serious injury was sustained, a trial court may make the determination and, thus, grant a motion for summary judgment on that issue. *Id.*

Here, the plaintiff submitted the report of Dr. Androkites, who opined as to the plaintiff's injuries with a reasonable degree of medical certainty. Letter from Dr. Androkites to P.W. Bercik & Assoc., 01/31/05 at 4. He summarized his treatment of her and states that, based upon her statements to him, her symptoms are "linked to the motor vehicle accident," and "it is . . . reasonable to

conclude there is a causal link to her diagnosis and the motor vehicle accident." *Id.* at 3. He gives no opinion as to whether the plaintiff's injuries rise to the level of "serious injury."

In response, the defendant submitted the report of Dr. Weiss, who also opined as to the plaintiff's injuries with a reasonable degree of medical certainty. Letter from Dr. Weiss to R.J. Sudina, 12/30/04 at 22. Dr. Weiss conducted an exhaustive review of the plaintiff's medical records, both before and after the accident at issue, and performed an independent medical examination of her. He concluded that she suffers from a number of "subjective musculoskeletal complaints" and that, while he is unable to determine the cause of those complaints, he does "not find evidence in the medical records of anything linking her complaints to this accident." *Id.* at 21-22. He also does "not believe [the plaintiff] sustained a serious injury at the time of her accident and [feels] she has no serious impairment of body function or permanent disfigurement . . ." or that she "suffers from any ongoing problem in relation to this accident." *Id.* at 22.

Even taking the medical reports in the light most favorable to the plaintiff as the non-moving party, it is clear that the plaintiff sustained no serious injury, and that reasonable minds could not differ in that conclusion. Thus, since she chose the limited tort option on her automobile insurance policy, and since she has failed to show that she suffered a serious injury, the plaintiff is barred from recovering noneconomic damages.

The issue of whether any of the plaintiff's medical issues are related to the accident is, however, a matter of credibility. Under the law governing summary judgment,

the court is not permitted to make a credibility determination between conflicting witnesses. Thus, viewing the evidence in the light most favorable to the plaintiff as the non-moving party, we must find that a genuine issue of material fact exists as to whether the plaintiff suffered injuries in the accident.

We note that the defendant argues that we should disregard Dr. Androkites' report as violative of the *Nanty-Glo* rule because his statement that the injuries are related to the accident are based on the plaintiff's statements to him. However, we feel that applying the *Nanty-Glo* rule under these circumstances leads to an absurd outcome. The doctor's taking of a patient's medical history is an integral part of the medical treatment process and the diagnosis and treatment of a patient is typically based, at least partially, on a patient's statements to her physician. A doctor's opinion that an injury is related to an accident is based primarily on the statements given to him by the patient. Instantly, since both of the reports submitted were made to a reasonable degree of medical certainty, which is the standard required under our evidence rules, see *e.g., Hamil v. Bashline, supra,* and *Mitzelfelt v. Kamrin,* 526 Pa. 54, 584 A.2d 888 (1990), a genuine issue of material fact exists and it must be decided by the fact-finder.

Wherefore, we will enter the following order.

## ORDER

And now, July 7, 2005, it is hereby ordered and decreed that the motion for summary judgment of the defendant, William McClain, is granted as to the issue of whether the plaintiff may seek to recover noneconomic damages, and denied as to the issue of negligence.