649 A.2d 186

**Evan H. PERRY, Appellant,**

v.

**TIOGA COUNTY.**

Commonwealth Court of Pennsylvania.

Argued Sept. 19, 1994.

Decided Oct. 18, 1994.

Petition for Allowance of Appeal Denied March 3, 1995.

---

128

---

Warren R. Baldys, for appellant.

Edith L. Dowling, for appellee.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Evan H. Perry (Perry) appeals an order of the Court of Common Pleas of Tioga County (trial court) sustaining the preliminary objections in the nature of a demurrer of the Tioga County Human Services Agency (Employer) and dismissing his complaint.

Perry was employed by Employer as a Maintenance Supervisor. On October 5, 1990, he called off sick and went to the doctor and was diagnosed as having sinusitis and tonsillitis. That same day, he was observed at his father's house by his supervisor. On his return to work, his supervisor accused Perry of misusing his sick leave to help his father construct a garage and suspended him for three days. Perry attempted to give his supervisor a medical excuse from his doctor, but the supervisor refused to accept it. In response, Perry told his supervisor that the supervisor had made a mistake and would pay for it. Employer recommended that Perry be discharged for insubordination and violating sick leave policy which was approved by the County Commissioners.

In December of 1991, Perry filed a complaint contending breach of an employment contract, wrongful discharge in violation of public policy and the Whistleblower Law.[1] He contended that personnel policies adopted after his employment constituted a contract resulting in his no longer being an at-will employee. According to Perry, because the policy outlining a grievance procedure that prohibited suspension without good cause was not followed, he was entitled to be reinstated. Perry contended that he was discharged in violation of the Whistleblower Law and public policy, because prior to his discharge, he had reported improper conduct in bidding practices and the use of agency personnel for private work to a County Commissioner. According to Perry, he was discharged to discredit him with higher authorities and the

1. The Whistleblower Law (Law), Act of December 12, 1986, P.L. 1559, 43 P.S. §§ 1421–1428.

charge of insubordination was pretext. Even though his complaint was filed 14 months after his discharge, Perry contended his Whistleblower claim was timely filed because the 180 day filing deadline in the Law [2] was discretionary and not mandatory, and the two year statute of limitations for tort actions applied.

The Employer filed preliminary objections contending that Perry was an at-will employee and he failed to allege a violation of public policy sufficient to give rise to a wrongful discharge cause of action. They contended that even though as an at-will employee Perry could be discharged for no reason, insubordination was a legitimate reason for his discharge. The Employer also contended that the 180 day filing deadline in the Whistleblower Law was mandatory and, thus, that part of Perry's action was time-barred.

While the litigation was proceeding, the County Solicitor sent a Proposed Release to Perry offering a payment of $40,000 in exchange for discontinuance of his complaint. The Release was executed by Perry, but he did not at that time discontinue his complaint. The County Commissioners, however, refused to ratify the agreement. Thereafter, Perry amended his pleadings adding a breach of contract action contending the Release was a valid offer that he accepted and that he was not required to discontinue his complaint until payment was received. The Employer filed a preliminary objection contending that because the Release had not been approved in an open meeting as required by the Sunshine Act,[3] and the County Solicitor did not have express authority to settle the claim, it was not a binding contract. However, even if the Release was a valid offer, they contended that Perry had not provided the bargained for exchange of discontinuing his lawsuit.

**2.** Section 4 of the Law, 43 P.S. § 1424, provides:

A person who alleges a violation of this act *may* bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation.

**3.** The Sunshine Act, Act of July 3, 1986, P.L. 388, *as amended,* 65 P.S. §§ 271–286.

 In dismissing the actions, the trial court held that the personnel policy pled did not change as a matter of law Perry's status as an at-will employee and no discharge hearing was required. As to the Whistleblower Law count, the trial court held that such a complaint must be brought within 180 days of the alleged retaliatory action. As to the added contract count to enforce settlement, the trial court noted that the Employer's contention that the Proposed Release was not authorized at a public meeting and that the County Solicitor did not have express authority to make the offer concerned facts not of record which could not be considered on preliminary objections. However, it dismissed the contract claim because Perry failed to discontinue his lawsuit as the release stated and there was a failure of consideration. *McGuire v. Schneider, Inc.*, 368 Pa.Superior Ct. 344, 534 A.2d 115 (1987). Consequently, the trial court sustained the Employer's preliminary objections and dismissed Perry's complaint. This appeal followed.[4]

 As to the 180 day filing deadline contained in the Whistleblower Law, Perry contends that it is discretionary and not mandatory, and that the two year tort statute of limitations applies. The Whistleblower Law prohibits a public employer from retaliating against a public employee who reports wrongdoing. Section 4 of the Law states "[a] person who alleges a violation of this act *may* bring a civil action . . . within 180 days after the occurrence of the alleged violation." Under this provision, the trial court correctly held that the use of the permissive term "may" in the statute gives an individual the option of filing a lawsuit, but requires that such must be

4. Our standard of review for preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Petula v. Mellody*, 138 Pa.Commonwealth Ct. 411, 588 A.2d 103 (1991). All well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true. *Malia v. Monchak*, 116 Pa. Commonwealth Ct. 484, 543 A.2d 184 (1988). Since the sustaining of a demurrer results in the denial of a suit, it should be sustained only in cases that are clear and free from doubt. *Wurth v. City of Philadelphia*, 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990).

filed within 180 days of the adverse personnel action. Any contrary interpretation would make this provision meaningless. Not having brought the action within 180 days, Perry's Whistleblower action is time-barred.

Perry next contends that it was error for the trial court to hold that he was an at-will employee and not entitled to a hearing on his discharge. Unless a statute or contract establishes otherwise, public employees in Pennsylvania are considered to have employment at-will only. *DeAngelis v. Delliponti*, 152 Pa.Commonwealth Ct. 518, 521, 620 A.2d 35, 36 (1993). Perry contends that the Grievance Procedure contained in Employer's personnel policy constituted an implied contract allowing discharge for "just cause" only. The Grievance Procedure, however, does not cover procedures for discharge.[5] Instead, the Disciplinary Procedure contained in the personnel manual provides for no grievance procedure and the employer retains the absolute right to discharge.[6] Even if the

5. The Grievance Procedure provides:

Policy: It is the policy of the Agency to provide employees with a procedure for bringing work-related problems to the attention of management and to resolve such problems fairly and promptly at the lowest possible organizational level.

(1) A grievance is defined as an employee's expressed dissatisfaction concerning conditions of employment or treatment by management, supervisors, or other employees.

\* \* \* \* \* \*

6. The Disciplinary Procedure provides:

It is the policy of the Agency that any employee who violates the rules or procedures of the Agency shall be subject to disciplinary action as set forth below:

\* \* \* \* \* \*

(4) In cases involving serious misconduct, such as a violation of law, the procedures contained in Comments (1) and (2), shall be disregarded. With consent of the County Commissioners, the Administrator may suspend the employee immediately, with or without pay/benefits, and if appropriate, recommend termination of the employee. The suspension shall continue until further action by the Commissioners. If the accusation proves unfounded, pay/benefits may be retroactively restored.

(5) If the Department Director/Agency Administrator recommends that an employee be terminated, complete investigation of the situa-

personnel policy was meant to apply to Perry, it does not change his at-will status.

■ Perry contends, however, that even if he was an at-will employee, his discharge was against public policy. He contends that there is a clear public policy against discharging an employee for reporting wrongdoing.[7] To advance that public interest, the General Assembly enacted the Whistle-blower Law to provide public employees with protection against retaliation for reporting wrongdoing. It is the sole and exclusive remedy by which such a claim can be brought against a governmental employer.[8] However, Perry's Whistle-blower cause of action is time-barred.

■ Finally, Perry contends that there is no failure of consideration because the action was not discontinued. The Proposed Release states:

In consideration of (1) Forty Thousand and no/100 Dollars ($40,000.00) receipt of which from releasee [the County] is

tion shall be conducted by the County Commissioners before termination is approved.

* * * * * *

7. Perry also maintains that his contention that Employer's charge of insubordination was pretextual is supported by our holding in his unemployment appeal that his conduct did not rise to the level of willful misconduct disqualifying him from receiving unemployment compensation benefits. *See Tioga County Human Services Agency v. Unemployment Compensation Board of Review* (No. 564 C.D. 1991, filed September 27, 1991). However, conduct justifying an employer's discharge of an employee might not constitute willful misconduct disqualifying the employee from receiving unemployment compensation benefits. *Breininger v. Unemployment Compensation Board of Review*, 103 Pa.Commonwealth Ct. 502, 520 A.2d 949 (1987). Because Perry's conduct did not constitute legal misconduct does not mean that Employer was not justified in discharging him for that conduct. In fact, insubordination constitutes justification for discharge. *Nesmith v. Unemployment Compensation Board of Review*, 43 Pa.Commonwealth Ct. 579, 402 A.2d 1132 (1979).

8. There is no general public policy protecting whistleblowers in the private sector. *Krajsa v. Keypunch, Inc.*, 424 Pa.Superior Ct. 230, 622 A.2d 355 (1993). In Pennsylvania, the public policy exception to employment at-will recognizes a cause of action for wrongful discharge if the employee has been retaliated against for conduct actually required by law or refusing to participate in conduct actually prohibited by law; the employee's reasonable belief of illegality is not enough. *Id.*

acknowledged; ... (5) a praecipe to discontinue or other form of withdrawal ... releasor [Perry] ... releases and forever discharges releasee....

It does not contain any condition that Perry discontinue his lawsuit before payment would be made, only that the payment of the $40,000 was to coincide with Perry's discontinuance of his lawsuit. *See United Plate Glass Company Division of Chromalloy American Corp. v. Metal Trim Industries, Inc.,* 106 Pa.Commonwealth Ct. 22, 525 A.2d 468 (1987) (holding payments by owner, general contractor and approval by architect served only as a timing mechanism to indicate when the intermediate contractor was to make payment to the subcontractor and was not a condition precedent). Because Perry was not required to discontinue his lawsuit for the Release to become effective, it is necessary to remand to the trial court to determine whether the Proposed Release was properly authorized and the County Solicitor had the authority to make an offer that was enforceable.

Accordingly, the order of the trial court dismissing Perry's wrongful discharge and Whistleblower actions is affirmed and its order dismissing his breach of contract action based on the Proposed Release is vacated.

## *ORDER*

AND NOW this 18th day of October, 1994, the order of the Court of Common Pleas of Tioga County dated June 8, 1993, is affirmed in part and vacated in part.

Jurisdiction relinquished.