**Evan H. PERRY, Appellant,**

v.

**TIOGA COUNTY.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1996.

Decided June 11, 1997.

Warren R. Baldys, Williamsport, for appellant.

Edith L. Dowling, Wellsboro, for appellee.

Before PELLEGRINI, and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Evan H. Perry (Perry) appeals from an order of the Court of Common Pleas of Tioga County (trial court) granting Tioga County's (County) motion for summary judgment and dismissing Perry's complaint.

After Perry was terminated from his Maintenance Supervisor position with County, he filed an action alleging wrongful discharge and breach of his employment contract. County responded by filing preliminary objections in the nature of a demurrer. While the objections were pending, negotiations ensued between Perry's counsel and the County Solicitor (Solicitor).

Solicitor then prepared and sent a Release, which was unsigned by the County Commissioners, proposing to pay Perry $40,000 in exchange for his discontinuing the litigation. Perry executed the Proposed Release and returned it to the Solicitor. Thereafter, the County Commissioners refused to sign the document or otherwise ratify it at a public hearing, refused to tender the settlement monies, and alleged that Solicitor was without legal authority to make binding offers on County's behalf.

Perry amended his complaint to incorporate a third count, claiming breach of contract based upon the County's failure to execute the Proposed Release. County filed preliminary objections to the new count in Perry's complaint arguing that County could not have tendered a legitimate offer because the terms of the Proposed Release had not been approved in an open meeting, as required by the Sunshine Act,[1] and because Solicitor was without express authority to offer settlement of the claim. The County finally argued, that even if the Proposed Release constituted a valid offer which Perry accepted, he did not discontinue the lawsuit and therefore, failed to uphold his end of the bargained-for exchange. The trial court sustained County's objections and dismissed

Perry's complaint with prejudice on all counts. Perry appealed.

This Court affirmed the trial court's dismissal of the wrongful discharge and breach of employment contract claims, but vacated the dismissal of Perry's claim for breach of contract relating to the Proposed Release. *See Perry v. Tioga County,* 168 Pa.Cmwlth. 126, 649 A.2d 186 (1995), *appeal denied,* 540 Pa. 609, 655 A.2d 995 (1995). Reasoning that the trial court's dismissal of Perry's third claim was improperly based upon his failure to discontinue the litigation, this Court remanded "to the trial court to determine whether the Proposed Release was properly authorized and [whether] the County Solicitor had the authority to make an offer that was enforceable." *Id.,* 649 A.2d at 189.

On remand, further discovery was conducted and the parties filed cross motions for summary judgment. Perry argued that the Release, the depositions of County Commissioners Hall and Barnes, and the affidavit of former Commissioner Bartlett, all showed that a valid offer was presented to him by the County Commissioners through their Solicitor. Once Perry signed and placed this offer into the mail, Perry again contended, that his actions constituted acceptance, and a valid enforceable contract was formed. Because County failed to execute this document, Perry argued that he was entitled to summary judgment on his breach of contract claim. Conversely, County argued that there was no meeting of the minds, that none of the statutory requirements for executing a binding document were followed by the Commissioners, and that the Solicitor, as a matter of law, does not have the requisite authority to negotiate binding contracts on the County's behalf.

In deciding the cross-motions, the trial court invoked its discretionary powers and refused to dismiss the action on the grounds that the proposed settlement offer was in violation of the Sunshine Act.[2] Instead, the trial court assumed arguendo that a contract

---

1. Act of July 3, 1986, P.L. 388, *as amended,* 65 P.S. §§ 271–286.

2. *See Keenheel v. Pennsylvania Securities Commission,* 134 Pa.Cmwlth. 494, 579 A.2d 1358

(1990)(holding that Section 13 of the Sunshine Act, 65 P.S. § 283, grants the court *discretion* to invalidate any or all official actions taken at illegally closed meetings).

had been formed between the parties, but granted County's motion for summary judgment holding that the Release was "invalid because it was never properly executed by the County according to statute." (Trial Court Opinion, p. 4).

■ On appeal, Perry again avers that Solicitor was authorized by the Commissioners to prepare and send the Release containing the negotiated-for provisions, and that County's offer was accepted and a contract formed, when he placed the Release in the mailbox. Thus, Perry argues that Commissioners' subsequent failure to sign or publicly ratify the Release agreement cannot serve to invalidate the already completed contract. We disagree and affirm.

Our standard of review of the granting of a motion for summary judgment is well settled:

A motion for summary judgment may be properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no material issue of fact and the moving party is entitled to judgment as a matter of law.... Summary judgment may be entered only in cases that are free and clear of doubt.... Additionally, the record must be examined in the light most favorable to the nonmoving party, accepting as true all well-pleaded facts in its pleadings and giving the party the benefit of all reasonable inferences drawn therefrom.... Moreover in summary judgment proceedings, the court's function is not to determine the facts, but only to determine if a material issue of fact exists.... Thus an order granting a motion for summary judgment will not be reversed unless the court below has committed an error of law or clearly abused its discretion.

*Banker v. Valley Forge Ins. Co.*, 401 Pa. Superior Ct. 367, 373, 585 A.2d 504, 507 (1991) (citations omitted).

■ "It is black letter law that in order to form an enforceable contract, there must be an offer, acceptance, consideration or a mutual meeting of the minds." *Jenkins v. County of Schuylkill*, 441 Pa. Superior Ct. 642, 648, 658 A.2d 380, 383, *appeal denied,*

542 Pa. 647, 666 A.2d 1056 (1995). An offer is a manifestation of willingness to enter a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it. Restatement (Second) of Contracts § 24; 8 P.L.E. Contracts § 23.

On appeal, Perry argues that he understood the Proposed Release to be an offer. Conversely, the County contends that the Release could not have been construed as such, because the signature lines for the County Commissioners and Chief Clerk were still blank and there was no County seal affixed to the document.

■ The County Commissioners have been designated by the legislature as the responsible managers and administrators of the fiscal affairs of the county. *York–Adams County Constables Ass'n v. Court of Common Pleas of York County*, 81 Pa.Cmwlth. 566, 474 A.2d 79 (1984); Section 1701 of The County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1701. The County Commissioners have been further entrusted with exclusive authority to contract on behalf of the county. Section 1801 of The County Code, 16 P.S. § 1801.

■ The County Code provides that all contracts in excess of $10,000 shall be written. Section 1802(a) of The County Code, 16 P.S. § 1802(a). Section 504(b) of The County Code further provides:

Where any official document, instrument or official paper is to be executed by the county commissioners, it shall be done by at least two of the commissioners and attested by the chief clerk who shall affix the county seal thereto.

16 P.S. § 504(b). Finally, "where a statute prescribes the formal mode of making public contracts it must be observed; otherwise they cannot be enforced against the governmental agency involved." *Luzerne Township v. Fayette County*, 330 Pa. 247, 251–52, 199 A. 327, 330 (1938).

Under the instant facts, there is no dispute that none of the acting Commissioners signed the Release. Without these statutorily required signatures, Perry was unquestionably unjustified in assuming that his signature

concluded the matter. While Perry further contends that the Commissioners endowed Solicitor with apparent authority to settle the claim, by authorizing her to send the Proposed Release, Perry has submitted no proof that Solicitor made any such representation. Moreover, the law is well settled that:

> a person who deals with a government official is bound to know the limitations of that official's authority and to govern himself accordingly. To weaken this principle would be to render abortive the mandatory requirements of the law in regard to the making of public contracts, and thus destroy that salutary protection of the people against their own representatives which such legislation is designed to secure.

*Luzerne Township v. Fayette County*, 330 Pa. 247, 252, 199 A. 327, 330 (1938).

Because there was no meeting of the minds, no compliance with the statutory provisions necessary to properly execute a binding agreement on County's behalf and no material fact at issue, the trial court's grant of summary judgment must be affirmed.

### ORDER

AND NOW, this 11th day of June, 1997, the order of the Court of Common Pleas of Tioga County in the above-captioned matter is hereby AFFIRMED.

PELLEGRINI, J., concurs in the result only.