IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kate Bailey,                                    :
                            Petitioner          :
                                                :
    v.                                          :  No. 84 M.D. 2025
                                                :  Argued:  February 3, 2026
PhilaPort,                                      :
                            Respondent          :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  March 16, 2026


PhilaPort (PhilaPort)[1] has filed amended preliminary objections (Amended Preliminary Objections) in response to Kate Bailey's (Bailey) complaint, which we treat as a petition for review (Petition), alleging a claim under the Pennsylvania Whistleblower Law (Whistleblower Law)[2] and for wrongful discharge.  Upon careful review, we sustain the Amended Preliminary Objections and dismiss the Petition with prejudice.

---

[1] PhilaPort is the name commonly used to refer to the Philadelphia Regional Port Authority.

[2] Act of December 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§ 1421-28.

## BACKGROUND

This case has an interesting procedural history. Following the August 23, 2024 filing of a praecipe for writ of summons, Bailey filed a whistleblower and wrongful discharge complaint against PhilaPort in the Court of Common Pleas of Philadelphia County (Common Pleas) on September 10, 2024. PhilaPort filed preliminary objections, asserting that Common Pleas lacked jurisdiction, because PhilaPort is a Commonwealth agency. Bailey agreed with PhilaPort's position.[3] Thereafter, Bailey filed a motion to transfer the matter to this Court, but PhilaPort objected. On December 16, 2024, Common Pleas sustained PhilaPort's preliminary objections on jurisdictional grounds and dismissed Bailey's complaint, rather than transferring the matter to this Court pursuant to 42 Pa.C.S. § 5103(a).[4] Bailey did not appeal that ruling. However, more than 30 days later, on January 27, 2025,[5] Bailey filed a motion to vacate the order dismissing her complaint. PhilaPort objected. On March 5, 2025, Common Pleas denied the motion to vacate. Bailey again did not appeal.

Instead, on March 7, 2025, Bailey filed the present Petition in this Court, asserting claims under the Whistleblower Law and for wrongful discharge. Bailey

---

[3] PhilaPort was established pursuant to Section 4 of the Philadelphia Regional Port Authority Act, Act of July 10, 1989, P.L. 291, 55 P.S. § 697.4. It is "a public authority and instrumentality of the Commonwealth." *Id.* As such, it exercises "the powers of the Commonwealth as an agency of the Commonwealth." *Id.*

[4] Section 5103(a) of the Judicial Code provides that "[a] matter which is within the exclusive jurisdiction of a court . . . of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court." 42 Pa.C.S. § 5103(a).

[5] Section 5505 of the Judicial Code provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S. § 5505.

alleges she worked full-time as PhilaPort's Director of Procurement for 19 years. Pet. ¶ 4. In that capacity, she "was responsible for the procurement of all goods, supplies, and services." *Id.* ¶ 6. Bailey reported to PhilaPort's Board of Directors "several instances of actual and/or potential procurement violations on various projects, including instances of obstruction in the fair and competitive bidding process." *Id.* ¶ 7.

On March 15, 2024, PhilaPort terminated her employment, a decision Bailey regards as retaliatory and violative of Section 3 of the Whistleblower Law, 43 P.S. § 1423(a).[6] *Id.* ¶¶ 14-18. She specifically alleges the termination occurred "in retaliation for [her] efforts to make [PhilaPort] engage in proper bidding and procurement processes designed to guard against wasting the Commonwealth's and the taxpayer's money." *Id.* ¶ 14 (sic). Separately, Bailey alleges the decision also constituted wrongful discharge, a claim premised on "the public-policy exception to the at-will employment doctrine." *Id.* ¶ 20. Bailey points to the Whistleblower Law as the relevant public policy. *Id.* at 21-27.

On April 14, 2025, PhilaPort filed preliminary objections, which it subsequently amended, raising several issues in support of seeking the dismissal of the Petition with prejudice. First, raising the affirmative defense of statute of limitations, PhilaPort argues the Petition is time-barred under the 180-day

---

[6] It provides:

> No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

43 P.S. § 1423(a).

limitations period set forth in Section 4 of the Whistleblower Law, 43 P.S. § 1424(a). Am. Prelim. Obj., 4/15/25, ¶¶ 17-26.

Second, PhilaPort argues the 180-day limitations period is not tolled by Bailey's action filed in and dismissed by Common Pleas, because she failed to effectuate proper service. *Id.* ¶¶ 33, 43-45. Bailey failed to timely and properly serve the writ of summons and the complaint on PhilaPort and the Attorney General. *Id.* ¶¶ 34-37. According to PhilaPort, under Rules 400 and 401 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 400 and Pa.R.Civ.P. 401, Bailey had 30 days from the filing of the writ of summons, i.e., until September 23, 2024, to have the sheriff serve the writ. *Id.* ¶ 37. Instead of the sheriff, a process server served the writ on PhilaPort on October 11, 2024, 18 days late. *Id.* ¶ 38.

Third, PhilaPort argues the Petition be dismissed for lack of jurisdiction because of improper service. *Id.* ¶ 58 (citing Pa.R.Civ.P. 1028(a)(1)). In support, it points out Bailey neither served, via the sheriff, PhilaPort nor the Attorney General. *Id.* ¶ 53. However, on March 24, 2025, Bailey served PhilaPort via a process server. *Id.* ¶ 55. PhilaPort claims the record is devoid of any evidence that Bailey "even attempted to serve the office of the Attorney General." *Id.* ¶ 56.

Fourth, PhilaPort also objects to the Petition based on Bailey's failure to state claims under the Whistleblower Law and for wrongful discharge. *Id.* ¶ 62 (citing Pa.R.Civ.P. 1028(a)(3) and (4)). With respect to Bailey's whistleblower claim, PhilaPort claims she "fails to allege adequately that she made any protected reports of wrongdoing or identify a single law that was violated." *Id.* ¶¶ 66, 74-76. PhilaPort further claims Bailey does not allege "any causal connection between her alleged whistleblower reports and her termination." *Id.* ¶¶ 67, 83-88. As for Bailey's common law wrongful discharge claim, PhilaPort asserts she is not entitled to relief

4

because the claim "involves an alleged violation of public policy for which a statutory remedy already exists: the Whistleblower Law." *Id.* ¶ 89, 92-93.

Finally, PhilaPort seeks dismissal of the Petition with prejudice for failure to conform to Rule 1019 of the Pennsylvania Rules of Civil Procedure. *Id.* ¶ 94 (citing Pa.R.Civ.P. 1028(a)(2)). Rule 1019 provides that "[a]verments of time, place and items of special damage shall be specifically stated." Pa.R.Civ.P. 1019(f). PhilaPort argues the Petition "fails to identify a single date on which [Bailey] made any alleged whistleblower report to PhilaPort." *Id.* ¶ 99.

## DISCUSSION

We find dispositive PhilaPort's contention that Bailey filed the Petition outside the 180-day period set forth in the Whistleblower Law and that she fails to state a claim for wrongful discharge.[7]

When reviewing preliminary objections, we consider only the contents of the pleadings, accepting as true all well-pled allegations of material fact and reasonable inferences of such allegations. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421, 423 n.3 (Pa. Cmwlth. 2018). However, we need not accept as true conclusions of law, unwarranted inferences of fact, or opinions expressed by a pleading. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). A preliminary objection sounding in demurrer challenges the legal sufficiency of a pleading. *See* Pa.R.Civ.P. 1028(a)(4). A demurrer can be sustained only where, as a matter of law, the pleading party has failed to state a claim upon which relief can be granted. *Torres*, 997 A.2d at 1245. We cannot sustain PhilaPort's Amended Preliminary Objections unless it "appear[s] with certainty that the law will not permit recovery," and we resolve any doubts in favor of Bailey, as the non-moving party. *Id.*

---

[7] As a result, we need not address PhilaPort's remaining objections.

Generally, the affirmative defense that a claim is barred by the statute of limitations should be asserted in a responsive pleading as new matter. *See* Pa.R.Civ.P. 1028(a)(4), Note. However, this Court has recognized that where the defense is clear from the pleadings, the responding party did not file preliminary objections to the preliminary objections, and delaying a ruling would serve no purpose, the statute of limitations may be raised in preliminary objections in the nature of a demurrer. *McCulligan v. Pa. State Police*, 123 A.3d 1136, 1140 n.5 (Pa. Cmwlth. 2015).

Section 4 of the Whistleblower Law provides that "[a] person who alleges a violation of this act may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, *within 180 days after the occurrence of the alleged violation*." 43 P.S. § 1424(a) (emphasis added). In *Perry v. Tioga County*, 649 A.2d 186 (Pa. Cmwlth. 1994), *appeal denied*, 655 A.2d 955 (Pa. 1995), we explained that "the use of the permissive term 'may' in the statute gives an individual the option of filing a lawsuit, but requires that such *must be filed* within 180 days of the adverse personnel action. Any contrary interpretation would make this provision meaningless." *Id.* at 188 (emphasis added). Consequently, "this 180–day time limit is mandatory, and courts have no discretion to extend it." *O'Rourke v. Pennsylvania Dep't of Corr.*, 730 A.2d 1039, 1042 (Pa. Cmwlth. 1999).

PhilaPort claims Bailey filed the Petition outside the Whistleblower Law's 180-day period. We agree. Our review of the pleadings indicates the first and last date that Bailey references in the Petition is March 15, 2024, the date on which PhilaPort terminated her employment. Thus, PhilaPort's termination of Bailey's employment is, arguably, the last event—alleged violation—from which to calculate

6

the 180-day limitations period. Doing so, we determine Bailey had until September 11, 2024 to bring a timely whistleblower complaint against PhilaPort.

The record indicates Bailey initially filed a praecipe for writ of summons against PhilaPort in Common Pleas on August 23, 2024. Thereafter, on September 10, 2024, one day before the expiration of the limitations period, she filed a whistleblower and wrongful discharge complaint. Common Pleas ultimately sustained PhilaPort's preliminary objections and dismissed Bailey's complaint on December 16, 2024. Bailey did not appeal the dismissal. Instead, more than 30 days later, she moved to vacate the dismissal order. On March 5, 2025, Common Pleas denied relief. Rather than challenging the denial, Bailey restarted litigation by filing the current Petition on March 7, 2025, well beyond the September 11, 2024 deadline under the Whistleblower Law. Accordingly, we are constrained to sustain PhilaPort's Amended Preliminary Objection challenging the timeliness of the Petition and dismiss with prejudice Bailey's whistleblower claim.

We next address PhilaPort's objection that the Petition fails to state a claim for wrongful discharge. It asserts Bailey cannot obtain relief because the Whistleblower Law supplies a statutory remedy for the alleged public policy violation. We agree.

In *Javitz v. Luzerne County*, 344 A.3d 505 (Pa. Cmwlth. 2025), this Court recently explained:

> A cause of action for wrongful termination is generally not available in Pennsylvania for an at-will employee. *Paul v. Lankenau Hospital*, [] A.2d 346 ([Pa.] 1990). Our Supreme Court has recognized a very limited exception affording terminated employees a judge-made cause of action for wrongful termination only in the rare case where the termination violates "a clear mandate of [Pennsylvania] public policy." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 561 Pa. 307, 750 A.2d 283, 287 (2000).

However, terminated employees may only invoke the public policy exception if there is no available statutory remedy for the aggrieved employee. *Weaver v. Harpster*, [] 975 A.2d 555, 568 n.10 ([Pa.] 2009); *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894, 899 (3d Cir. 1983). Courts have specifically applied this rule to bar common law claims where a plaintiff had a cognizable claim under the Whistleblower Law. *See Angelini v. U.S. Facilities, Inc.*, 2018 WL 3155995, at *12 (E.D. Pa. June 27, 2018); *Kent v. Keystone Human Services*, 68 F. Supp. 3d 565, 568 (M.D. Pa. 2014); *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 503 (E.D. Pa. 2001); *Freeman v. McKellar*, 795 F. Supp. 733, 742 (E.D. Pa. 1992). "Whether or not [a plaintiff's] claim can succeed is irrelevant; [i]t is the existence of the remedy, not the success of the statutory claim, which determines preemption." *Jacques v. Akzo International Salt, Inc.*, [] 619 A.2d 748 ([Pa. Super] 1993) (abrogated on other grounds); *Preobrazhenskaya v. Mercy Hall Infirmary*, 71 F. App'x 936, 941 (3d Cir. 2003).

*Javitz*, 344 A.3d at 519-20 (footnotes omitted).

In *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917 (Pa. 1989), our Supreme Court analyzed the interplay between the Pennsylvania Human Relations Act (PHRA) and common law wrongful termination claims. The Court concluded that the availability of an exclusive statutory remedy under the PHRA precluded a parallel common law action on the same allegations. *Id.* at 919, 921. We find the Court's reasoning in *Clay* instructive and apply it to the Whistleblower Law with regard to a common law claim for wrongful discharge. *Javitz*, 344 A.3d at 520.

Here, upon review of the record, Bailey's common law claim for wrongful discharge, which she did not plead in the alternative, is based on the same factual assertions forming the basis of her Whistleblower Law claim. Because the Whistleblower Law provides her with an exclusive statutory remedy, her common law claim for wrongful discharge is barred. Accordingly, PhilaPort's objection is sustained and Bailey's wrongful discharge claim is dismissed with prejudice.

## CONCLUSION

Accepting the allegation in the Petition as true, Bailey's claims implicate relief under the Whistleblower Law, which mandates that a civil action be commenced within 180 days after the occurrence of the alleged violation. According to the Petition, the last alleged violation was Bailey's termination from employment on March 15, 2024. Because the Petition was filed on March 7, 2025, beyond the 180-day period, Bailey's whistleblower claim is time-barred. Separately, because the Whistleblower Law provides an exclusive statutory remedy, Bailey's wrongful discharge claim fails. Accordingly, we sustain PhilaPort's Amended Preliminary Objections and dismiss the Petition with prejudice.

_____
STACY WALLACE, Judge


Judge Dumas did not participate in the decision of this case.

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kate Bailey, :
          Petitioner :
           :
    v. : No. 84 M.D. 2025
           :
PhilaPort, :
          Respondent :

## **O R D E R**

**AND NOW**, this 16th day of March, 2026, PhilaPort's April 15, 2025 amended preliminary objections to Kate Bailey's complaint, which we treat as a petition for review (Petition), are **SUSTAINED**, and the Petition is **DISMISSSED** with **PREJUDICE**.

_____
STACY WALLACE, Judge