**Madeline ICKES, Appellee,**

v.

**Amy BURKES, Appellant.**

Superior Court of Pennsylvania.

Argued March 24, 1998.

Filed June 9, 1998.

---

1. The witness testified as to familiarity with drug packaging gained through 100 to 200 drug ar- rests.

Rebecca N. Mann, Warrendale, for appellant.

Frank R. Fleming, III, Pittsburgh, for appellee.

Before POPOVICH, ORIE MELVIN and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal from the judgment entered in the Court of Common Pleas of Lawrence County, following a jury verdict in favor of appellee in the amount of $10,000.00, plus delay damages in the amount of $706.02. Herein, appellant questions:

A. Whether the trial court erred in determining that [appellee] was not bound by the limited tort option despite her status as a resident relative of her uninsured husband;

B. Whether the trial court erred in determining that [appellee] was not a *de facto* owner of the uninsured registered vehicle;

C. Whether the trial court erred in allowing [appellee] to admit into evidence the $5,000.00 of her medical bills.

Upon review, we affirm.

Our role in reviewing the final judgment is to determine whether the findings of fact are supported by competent evidence and wheth-

er the trial court committed error in the application of the law. We will not disturb the judgment absent an error of law or an abuse of discretion. *Berger v. Rinaldi*, 438 Pa.Super. 78, 651 A.2d 553, 554 (1994). Herein, appellee was injured in a motor vehicle accident with appellant. At the time of the accident, appellee was a passenger in her husband's automobile, which was registered but not insured. Appellee did not have her own insurance policy for any vehicle at the time.

Appellant, citing 75 Pa.C.S.A. §§ 1705(a)(5), 1705(b)(2) and 1705(f), filed a motion *in limine* asking the lower court to rule that appellee was not entitled to full tort benefits, i.e., damages for noneconomic and economic injuries. 75 Pa.C.S.A. § 1705(a)(5) provides: "An owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative." 75 Pa.C.S.A. § 1705(b)(2), in pertinent part, provides: "The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy." 75 Pa.C.S.A. § 1705(f), in pertinent part, defines "insured" as "[a]ny individual residing in the household of the named insured who is: (1) a spouse or other relative of the named insured[,]" and "named insured" as "[a]ny individual identified by name as an insured in a policy of private passenger motor vehicle insurance."

Appellant correctly submits that appellee's husband was "deemed to have chosen" the limited tort option by failing to insure his vehicle. 75 Pa.C.S.A. § 1705(a)(5). Appellant, citing 75 Pa.C.S.A. § 1705(f), then suggests that appellee's husband is a "named insured" on the limited tort "policy" which he was deemed to have chosen by operation of law, and, therefore, appellee was an "insured" under this "policy". Appellant finally argues that appellee can only recover limited tort benefits, i.e., damages for economic injuries because the tort option of the "named insured," i.e., her husband, shall apply to all insureds under his "private passenger motor vehicle policy."

In the alternative, appellant simply argues that appellee had a property interest in her husband's uninsured motor vehicle such that she was a *de facto* "owner" of the uninsured registered vehicle. Therefore, as an owner of an uninsured, registered vehicle, she was deemed to have chosen the limited tort option by operation of 75 Pa.C.S.A. § 1705(a)(5).

The lower court rejected appellant's arguments. The court reasoned that appellee was not a *de facto* "owner" of the uninsured vehicle owned and operated by her husband at the time of the accident. The court also determined that appellee was not an "insured" under any policy of private passenger motor vehicle insurance. Therefore, the court reasoned that appellee was entitled to recover both noneconomic and economic damages by operation of 75 Pa.C.S.A. § 1705(b)(3), which provides: "An individual who is not an owner of a currently registered private passenger motor vehicle and who is not a named insured or insured under any private passenger motor vehicle policy shall not be precluded from maintaining an action for noneconomic loss or economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law."

▮ Upon review of the record, we conclude that the lower court properly determined that appellee was not an "owner" of her husband's automobile. *See generally Ibarra v. Prudential Property and Casualty Insurance*, 402 Pa.Super. 27, 585 A.2d 1119 (1991); *Bethea v. Pennsylvania Financial Responsibility Assigned Claims Plan*, 407 Pa.Super. 57, 595 A.2d 122 (1991). The legal title of vehicle in question was registered in her husband's name only. Other than the fact that the parties' were married at the time when the vehicle was purchased and when the accident occurred, there is no evidence to suggest whether the truck was "marital property" pursuant to our Divorce Code, 23 Pa.C.S.A. §§ 3501–3508. In fact, the vehicle could actually be the husband's separate property under the Divorce Code, if it was obtained in exchange for his separate property acquired before his and appellee's marriage. 23 Pa.C.S.A. § 3501(a)(1). Also,

appellee did not drive the vehicle because she did not know how to operate the vehicle's manual transmission. Appellee did not have keys to the vehicle, and her husband had exclusive control over the use of the truck. Further, appellee was unaware that her husband did not have insurance on the vehicle, and, significantly, appellee was not operating the vehicle at the time of the accident. Accordingly, appellee lacked the indicia of ownership which would prove her status as a *de facto* "owner" of the vehicle such that the MVFRL would require her to insure the vehicle. *Cf., Ibarra, supra* (insured who was driving uninsured vehicle that was titled solely in her estranged husband's name was neither an owner of the vehicle nor did she have a property interest in the vehicle so as to preclude her recovery of first-party benefits under her policy of insurance on another vehicle); *Bethea, supra* (spouse of record owner of unregistered vehicle *may* be disqualified from claiming benefits under Assigned Claims Plan if spouse has actual recognizable property right in vehicle and *de facto* indicia of ownership is shown). Since appellee is not a *de facto* "owner" of the vehicle, we agree with the lower court's conclusion that she is not "deemed to have chosen the limited tort alternative" by operation of 75 Pa.C.S.A. § 1705(a)(5).

▮ Further, we agree with the lower court's decision that appellee is entitled to collect full tort benefits by operation of 75 Pa.C.S.A. § 1705(b)(3), because: 1) she was not an "owner" of a currently registered motor vehicle; 2) she was not an "insured under any private passenger motor vehicle policy;" and 3) she was not at fault in the accident. The fact that her husband, as the owner of an uninsured, currently registered vehicle, was "deemed to have chosen the limited tort alternative," by operation of law, *see* 75 Pa.C.S.A. § 1705(a)(5), does not mean that appellee is an "insured" as defined by the MVFRL. While appellee's husband was *treated* the same as if he would have been if he was a "named insured" who elected the limited tort option when purchasing a policy of private passenger motor vehicle insurance by operation of 75 Pa.C.S.A. § 1705(a)(5), it is clear that he was not a "named insured" as defined by 75 Pa.C.S.A. § 1705(f). If the

Legislature had intended appellee's husband to be a "named insured" as defined in 75 Pa.C.S.A. § 1705(f) because he did not have financial responsibility, § 1705(a)(5) would not have merely stated that he was "deemed to have chosen the limited tort option," but, rather, would have expressly stated he was deemed to be a "named insured in a policy of private passenger motor vehicle insurance." Since we are convinced that appellee was not an "insured" under any "policy of private passenger motor vehicle insurance," she was not bound by the tort option elected by a "named insured". *Compare,* 75 Pa.C.S.A. § 1705(b)(2) *with* § 1705(b)(3); *cf., Berger, supra* (provision of MFRLV, § 1705(a)(5), which provides that an owner of an uninsured, registered vehicle is deemed to have elected limited tort alternative and, thus, can not recover non-economic damages, did not apply to driver who was not operating his uninsured vehicle, but was driving his parent's insured vehicle).

▮ Simply put, appellee is not precluded from recovering damages for both noneconomic and economic injuries by operation of 75 Pa.C.S.A. § 1705(a)(5) or § 1705(b)(2), on the grounds that her husband owned and operated an uninsured, registered vehicle at the time of the accident. Rather, as a passenger who was neither an owner (or operator) of an uninsured, registered vehicle nor an insured under any automobile insurance policy, she was entitled to recovery noneconomic and economic losses pursuant to 75 Pa.C.S.A. § 1705(b)(3). Such an interpretation is necessary to give effect to § 1705(a)(5), § 1705(b)(2) and § 1705(b)(3) of the Motor Vehicle Financial Responsibility Law. *Consulting Engineers v. Licensure Bd.,* 522 Pa. 204, 560 A.2d 1375 (1989) (individual provisions of a statute are to be interpreted, whenever possible, in a manner that gives effect to the entire statute); *cf., Berger,* 651 A.2d at 557 (§ 1705(b)(2) is interpreted as applying to two mutually exclusive scenarios to give effect to all provisions of the MVFRL and to avoid surplusage). In addition, our interpretation of the relationship of the statutes in question gives effect to the intent of the MVFRL to providing the full tort coverage whenever there is a question as

to which coverage is applicable. *Berger*, 651 A.2d at 557. Moreover, we see no purpose in punishing appellee by denying her full tort coverage when she was neither an owner nor operator of the uninsured vehicle involved in the accident. *Cf., Henrich v. Harleysville Ins. Co.*, 533 Pa. 181, 185, 620 A.2d 1122, 1124 (1993) (it is "draconian" to punish a passenger in an uninsured vehicle who also owned an uninsured vehicle when she was not driving her uninsured vehicle at the time of the accident).

Finally, since appellee was not bound by the limited tort alternative and was entitled to pursue full tort benefits, the lower court did not err in permitting her to recover the first $5,000.00 of her medical bills. Apparently, appellant is claiming that appellee should not be able to claim first party benefits. However, since appellee was not the "owner" of the uninsured, currently registered motor vehicle which was involved in the accident, she could recover such benefits. 75 Pa.C.S.A. § 1714; *cf., Henrich, supra* (passenger injured while riding in uninsured vehicle was not precluded from recovering benefits under father's policy as a "covered" person, even though she actually owned an uninsured, registered vehicle, but that vehicle was not involved in the accident).

In sum, we find that the lower court did not err in determining that appellee was not a *de facto* "owner" of her husband's uninsured, registered vehicle. Further, the lower court did not err in finding appellee was not an "insured" for the purposes of the MVFRL. Accordingly, she was entitled to recovery for her injuries pursuant to 75 Pa. C.S.A. § 1705(b)(3).

Judgment affirmed.