## Matlock v. Fleming

C.P. of Monroe County, no. 1889 Civil 1995.

*John R. Vivian Jr.,* for plaintiff.

*Richard P. Kovacs,* for defendant Fleming.

*Francis G. Wenzel Jr.,* for defendant Kenworth Trucking.

WALLACH MILLER, *J.,* March 11, 1999—On September 16, 1994, a car driven by Dorothy Matlock was traveling north on Route 209 when a tandem came loose from a tractor traveling in the opposite lane of travel. The tandem crossed the road and hit Mrs. Matlock's car. Riding in the Matlock car as passengers were Mrs. Matlock's husband, Robert, and their nephew, Paul Hughes. The plaintiff, his wife and Mr. Hughes allege various injuries as a result of the collision.

At the time of the accident, Mrs. Matlock had in effect an automobile insurance policy in which she had selected the limited tort option. This selection limits her recovery in case of an accident to economic damages unless she suffers a serious bodily injury. The present action was initiated by complaint on July 11, 1995, wherein the plaintiff alleged causes of action against several defendants for economic and noneconomic damages. Another action involving the same parties was initiated by a writ of summons issued on September 12, 1996, at docket number 6029 Civil 1996. A complaint was filed in the second action on October 18, 1996. The only difference between these two actions is that E. F. Corporation d/b/a West Motor Freight of Pa. was named as an additional defendant in the 1996 action and was dismissed as a party by an order of court on November 9, 1998. On October 28, 1998, additional defendant Kenworth Northwest Inc. was dismissed with prejudice from both actions by stipulation of the parties.

Defendants Robert Fleming and Robert Fleming Transport Company filed a motion for summary judgment on the issue of plaintiff's noneconomic damages on January 11, 1999. The defendants argue that the plaintiff is bound by his wife's limited tort election and may not recover unless he suffered a serious bodily injury as a result of the 1994 car accident. The defendants further assert that the plaintiff did not suffer a serious injury and they are entitled to summary judgment on the issue of the plaintiff's noneconomic damages.

Thus, the issues presented before this court are whether the plaintiff was bound by his wife's election of limited tort and, if so, whether plaintiff has suffered a serious injury or defendant is entitled to summary judgment and the plaintiff should be restricted to recovering only any economic damages sustained in the car accident. Oral argument was held on March 1, 1999 and we are now prepared to dispose of this matter.

The Motor Vehicle Financial Responsibility Law governs who is and is not bound by a limited tort election. Under the provisions of the MVFRL, an insured who has elected a limited tort option is bound by that election, with a few exceptions which are not applicable here. "Insured" is defined as any individual residing in the household of the named insured who is a spouse or other relative of the named insured. 75 Pa.C.S. §§1702(2), 1705(f). In the present case, the plaintiff was the husband of the named insured party, Dorothy Matlock, and the plaintiff was residing with her at the time of the accident.

Another section of the MVFRL provides that "an individual who is not an owner of a currently registered private passenger motor vehicle and who is not a named

insured or insured under any private passenger motor vehicle policy shall not be precluded from maintaining an action for noneconomic loss or economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law." 75 Pa.C.S. §1705(b)(3). Plaintiff has cited this passage and argues that, as he was not named on the registration of his wife's or any other car and was not named on his wife's or any other insurance policy and, in fact, did not have a driver's license, he cannot be precluded from suing for noneconomic damages. We disagree.

It should first be noted that the plaintiff does not have a driver's license due to a driving under the influence conviction which occurred several years ago. As an unlicensed driver, it is unlikely that he would be able to get automobile insurance in his own name. With respect to application of the MVFRL, the plaintiff's situation is not unlike that of a minor child not of driving age, who would presumably not be named on the title of an automobile or an insurance policy. Case law in Pennsylvania has held that members of the named insured's household are bound by a limited tort election. *Hames v. Philadelphia Housing Authority,* 696 A.2d 880 (Pa. Commw. 1997) (minor children bound by mother's deemed limited tort election). We see no reason why the same should not hold for a man prohibited by law from driving and whose wife has selected limited tort coverage.

The plaintiff has cited *Ickes v. Burkes,* 713 A.2d 653 (Pa. Super. 1998), as authority for the proposition that one spouse is not bound by the other's election of limited tort coverage. However, the facts in *Ickes* differ from ours. There, wife alleged injuries from an accident while a passenger in husband's vehicle. He did not have *any*

insurance coverage on the vehicle. Wife was not precluded from recovering both noneconomic and economic damages on the grounds that her husband owned and operated an *uninsured,* registered vehicle at the time of the accident. *Id.* (emphasis added) Here, we have a spouse whose vehicle was insured, and that spouse elected limited tort coverage. We find that "insured," as it is defined in the MVFRL, covers the plaintiff in the present case and we therefore hold that he is bound by his wife's limited tort election.

We must now turn to the issue of whether the plaintiff sustained a serious injury in the 1994 accident or the defendants are entitled to a grant of summary judgment with respect to the plaintiff's claims for noneconomic damages.

Summary judgment may be properly granted when there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report. Pa.R.C.P. 1035.2. With respect to the issue of the plaintiff's election of limited tort coverage, if he cannot show that he suffered a serious bodily injury as defined by the applicable statute, summary judgment may be properly granted as to his claims for noneconomic damages stemming from the accident. Under Pennsylvania law, a serious injury is a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement. 75 Pa.C.S. §1701 et seq.

Under the Superior Court's holding in *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995), the determination of whether a limited tort elector had suffered a serious injury was one which must initially be made by the trial court judge. This was somewhat changed by the

Pennsylvania Supreme Court in *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998). The court held that the threshold determination was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained. The standard for deciding whether reasonable minds could not differ is to review (1) what body function was impaired, and (2) whether the impairment was serious. An impairment need not be permanent to be serious.

In *Washington,* the Pennsylvania Supreme Court applied this standard to the facts presented and upheld the lower court's grant of summary motion. The body function that was impaired in *Washington* was the appellant's right foot. Due to his injuries, he missed four to five days of work from one job and one to two months of work from another job. One year after the accident, he still complained of pain and testified that his ankle was often swollen. However, he was able to perform his job responsibilities as he had been able to prior to the accident. The court found that any lingering impairment was such that reasonable minds could not differ in finding that it was not serious, as aside from having to use a riding mower, the appellant was able to engage in his normal daily activities.

The question becomes whether, under the standard outlined in *Washington,* reasonable minds could differ on the conclusion that the plaintiff did or did not suffer a serious bodily injury. Under the facts here presented we find that they could not.

In our case, the day after the accident, the plaintiff went to Palmerton Hospital complaining of leg, neck and back pain. X-rays showed everything was normal and he was given Tylenol with codeine. After four visits to

Dr. Mehesh Chhabria, a neurologist, he was referred to Dr. James Kim, a psychiatrist, who treated him with physical therapy and stretching exercises for several months. Of the therapy sessions scheduled, the plaintiff failed to appear for a third of them. He was also treated by Dr. Yasin Khan with three steroid injections. By June 1995, less than a year later, he reported 80-90 percent relief from pain.

Plaintiff claims in his brief opposing summary judgment that he had to give up his job as a mechanic due to the accident. However, at a deposition conducted on March 6, 1998, he testified that he was unemployed at the time of the accident. According to his deposition testimony, his last regular employment was in 1990, four years before this accident. He was fired from that job. Between that time and the 1994 accident, plaintiff did some automotive repairs "with a buddy" but has no record of any income. In April 1997, he found work as a heavy equipment operator, working 30 to 50 hours a week. The plaintiff testified that, although not under a doctor's orders to refrain from such activity, he can no longer run around and play with his children because he is afraid he will re-injure his back. The most tangible remaining effect of the accident is that his treating physician has advised him to not lift anything over 40 pounds or pull or push anything heavy. He also wears a back brace, which he purchased from a medical supply store, although it is unclear from his testimony whether this purchase was made on the advice of his physician.

We are constrained to find that the plaintiff has suffered an injury. The impairment suffered was in his lower back. However, we do not find, after reviewing the depositions, that the plaintiff has suffered a serious impair-

ment, and we believe that reasonable minds could not differ on that issue. Accordingly, we enter the following order.

## ORDER

And now, March 11, 1999, on the issue of plaintiff Robert Matlock's claims for noneconomic damages, the motion for summary judgment of defendants Robert M. Fleming and Robert Fleming Transport Company is granted.