**Edgington v. Abersold**

C.P. of Lawrence County, No. 10570 of 2012

*Carmen F. Lamancusa*, for plaintiffs.
*Jason A. Hines*, for defendant.

PICCIONE, *J.*, Sept. 24, 2014—Before the court for disposition is the motion for summary judgment filed on behalf of the defendant, Edward W. Abersold (hereinafter, the "defendant"). This case resulted from a motor vehicle accident involving the plaintiff, Ms. Sherry L. Edgington (hereinafter, the "plaintiff"), the plaintiff's mother, Ms. Norma Jean Evans (hereinafter, "Evans"), and the defendant. The plaintiff avers that on May 17, 2010, she was a front-seat passenger in a motor vehicle, which was owned and operated by Evans. Evans was traveling north on Plank Road in New Castle, Lawrence County, Pennsylvania when she stopped at a four-way intersection at Plank Road and Maitland Lane. Evans proceeded into the intersection and continued onto Plank Road. Contemporaneously, the defendant was operating a pickup truck, which he was driving west on Maitland Lane and approaching the intersection at Plank Road and Maitland Lane. The plaintiff alleges that the defendant failed to stop at the stop sign, thereby colliding into the passenger side of Evans' vehicle. The plaintiff avers that the collision caused Evans' vehicle to be catapulted onto the westbound berm of Maitland Lane before coming to rest on top of the traffic stop sign for the southbound lane of Plank Road. The plaintiff was trapped inside the vehicle and had to be extricated by emergency medical service personnel.

The plaintiff alleges that as a result of the collision, she

suffered severe, painful, and extensive injuries to both legs, her left shoulder and upper arm, tingling and numbness into the lower left arm, hands and fingers, neck pain, and pain in the mid back which has caused a serious bodily impairment that substantially interferes with her daily life activities. The plaintiff also alleges that she suffered and will continue to suffer from physical and mental pain, suffering, emotional damage, worry, anxiety, depression, apprehension, frustration, humiliation, embarrassment and degradation, loss of pleasure and enjoyment of life. Further, the plaintiff alleges that she has incurred and will continue to incur medical expenses as a result of her injuries as well as a loss of earnings capacity.

As a result of the above, the plaintiff and her husband, Mr. Jeffrey Edgington (hereinafter, the "plaintiff-husband") (hereinafter, collectively, the "plaintiffs"), filed a writ of summons on May 10, 2012 against the defendant. The defendant responded on June 25, 2012 by filing a praecipe to issue a rule upon the plaintiffs to file a complaint within twenty days of service or be subject to a judgment of non-pros. On July 20, 2012, the plaintiffs filed the complaint, wherein the plaintiffs raise claims for negligence and loss of consortium on behalf of the plaintiff-husband against the defendant as a result of the accident described above. For each count, the plaintiffs claim damages of $25,000.00 plus costs, interest and delay damages. On August 10, 2012, the defendant filed an answer and new matter. In his answer, the defendant denies the plaintiffs' allegations and demands judgment in his favor and against the plaintiffs. In the new matter, the defendant states that the plaintiffs' claims are subject to the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter, the "MVFRL") that the motor vehicle accident did not

cause the plaintiffs' injuries, which are the result of a prior or subsequent medical condition or injury; that the plaintiffs' have failed to comply with the applicable statute of limitations; and that the plaintiffs have received sums of money in satisfaction of their claims.

On September 26, 2012, the plaintiffs filed a reply to new matter. The plaintiffs agree that their claims are controlled by the MVFRL, codified at 75 Pa.C.S.A. § 1701 et.seq. The plaintiffs also replied that the injuries and damaged alleged in the complaint are directly caused by the motor vehicle accident at issue. Furthermore, the plaintiffs asserted that they have complied with the statute of limitations and any sums of money received were not in satisfaction of their claims against the defendant but were received from State Farm Insurance Company for lost wages and medical benefits that are inapplicable to the instant case.

On September 6, 2013, the defendant filed a motion for summary judgment and brief in support of motion for summary judgment as well as a praecipe to schedule oral argument thereon. In the motion for summary judgment, the defendant argues that the plaintiff is an "insured" under the plaintiff-husband's policy, is bound by his limited tort policy, and is, therefore, precluded from making a claim for noneconomic damages unless she can prove that she has a "serious injury" as defined by the MVFRL. The plaintiffs filed a response to the defendant's motion for summary judgment on April 17, 2014 and a supplemental response to defendant's motion for summary judgment and brief in opposition to defendant's motion for summary judgment on April 25, 2014. Oral argument was held in this court on April 28, 2014.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

The Rule explains that summary judgment is appropriate only in those instances where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery" and the moving party is entitled to judgment as a matter of law. *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005); *see also* Pa.R.C.P. 1035.2. The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers. Inc.*, 732 A.2d 648, 650 (Pa. Super. 1999). Bald, conciusory allegations can neither create an element necessary to establish a prima facie case nor produce a genuine issue of material fact. *Golaschevsky v. Comm., Dept. of Environmental*

*Resources,* 683 A.2d 1299, 1302 (Pa. Cmwlth. 1996). For the purposes of summary judgment, material facts are those that have a direct effect on the outcome of the case. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662, 664 (Pa. Super. 2000).

In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party." *P.J.S. v. Pennsylvania State Ethics Comm'n,* 723 A.2d 174 (Pa. 1999) (citing *Kapres v. Heller,* 640 A.2d 888 (Pa. 1994)): A trial court should only grant a motion for summary judgment when the facts of record are so clear that reasonable minds could not disagree on the outcome. *Basile v. H & R Block, Inc.,* 761 A.2d 1115, 1118 (Pa. 2000) (citing *Cochran v. GAF Corp.,* 666 A.2d 245, 248 (Pa. 1995). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 579 A.2d 1358, 1363 (Pa. Cmwlth. 1990).

"[I]f a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action." *Basile v. H&R Block, Inc.,* 777 A.2d 95, 100 (Pa. Super. 2001). Therefore, if a plaintiff fails to present sufficient evidence of any element of the cause of action, the defendant is entitled to judgment as a matter of law. *Ertel v. Patriot-News Co.,* 674 A.2d 1038, 1042 (Pa. 1996).

As stated above, the defendant argues that the plaintiff

is bound by the plaintiff-husband's limited liability tort selection under his policy covering two vehicles he insures through the State Farm Mutual Automobile insurance Company. Pursuant to the MVRFL, a "named insured" is "[a]ny individual identified by name as an insured in a policy of private passenger motor vehicle insurance." 75 Pa.C.S.A. §1705(f). An "insured" is defined as any of the following: "Any individual residing in the household of the named insured who is: (1) a spouse or other relative of the named insured; or (2) a minor in the custody of either the named insured or relative of the named insured." 75 Pa.C.S.A. § 1705(f). The MVRFL provides for the election of two tort options: limited tort and full tort. The MVRFL provides the following notice, in pertinent part, to named insureds regarding the two tort options:

A. "Limited Tort" Option — The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy bay seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy or unless one of several other exceptions noted in the policy applies....

B. "Full Tort" Option — The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to

seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers.

75 Pa.C.S.A. § 1705(a)(1)(A) and (B). Section 1705 also provides the following application of tort options:

The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy, in the case where more than one private passenger motor vehicle policy is applicable, to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise.

*Id.* at 1705(b)(2).

It is uncontroverted that the plaintiff is not a named insured under any automobile policy. Rather, the plaintiff argues that she does not meet the definition of an "insured" defined by the MVRFL under the plaintiff-husband's policy despite residing with and being married to him at the time of the accident. Instead, the plaintiff argues that since she is not an "insured" under any private passenger motor vehicle nor does she own any vehicle, the following subsection permits her to seek economic and noneconomic losses as a result of the accident:

> An individual who is not an owner of a currently registered private passenger motor vehicle and who is not a named insured or an insured under any private passenger motor vehicle policy shall not be precluded from maintaining an action for noneconomic loss or economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law.

*Id.* at 1705(b)(3). At the time of the accident, the plaintiff did not have a driver's license nor did she own a vehicle. Consequently, the question before the court is one of statutory interpretation: Is the plaintiff an "insured" as defined by 75 Pa.C.S.A. § 1705 and, therefore, bound by the limited tort election of her spouse?

When interpreting a statute, the rules of statutory interpretation require the court to begin its inquiry with the language of the statute itself. *Matharu v. Muir*, 86 A.3d 250, 262 (Pa. Super. 2014). "[T]he object of all statutory interpretation is to ascertain and effectuate the intention of the general assembly...and the best indication of the legislature's intent is the plain language of the statute." *Comm. v. Walter*, --- A.3d ---, 2014 WL 619899 (Pa. 2014) (referring to 1 Pa.C.S.A. § 1501 et seq). If the plain language of a statute is ambiguous, the court may ascertain the intent of the legislature by considering factors listed in the Statutory Construction Act, 1 Pa.C.S.A. § 1921(c).

The Superior and Supreme Courts of Pennsylvania have interpreted the language of § 1705 of the MVRFL. For example, the Supreme Court in *Holland v. Mary*, 883 A.2d 449 (Pa. 2005), stated, "We agree with the Superior Court's conclusion that the language of Section 1705 is clear and unambiguous." The plain language of Section

1705(b)(2) unambiguously binds a resident spouse of named insured to the tort option the named insured elected in his policy.

The plaintiff does not argue that she is married to and resides with the plaintiff-husband; rather, she argues that she should be an exception to this rule because she does not have a driver's license, and she does not own or have access to any vehicle. Initially, the court notes that the legislature could have qualified the applicability of the tort option only to apply to those members of the household who are licensed to operate motor vehicles or to those members who have an ownership interest in the insured motor vehicles, but it did not. Nonetheless, the plaintiffs have cited cases, such as *Ickes v. Burkes*, 713 A.2d 653, (Pa. Super. 1998), to suggest a court must first determine if a spouse of an owner of a vehicle has a *de facto* ownership of the vehicle before it can be determined that the spouse is an "insured" under the MVFRL. In *Ickes*, the appellee was injured in a motor vehicle accident with the appellant. *Id.* The appellee was a passenger in her husband's vehicle, which was registered but not insured. *Id.* Pursuant to MVFRL, "An owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative." 75 Pa.C.S.A. § 1705(b)(2). The appellant asked the trial court to prohibit the appellee from recovering full tort benefits. *Ickes*, 713 A.2d at 655. The appellant argued that the appellee's husband should be treated as a named insured, who elected the limited tort option for his household, *i.e.* the appellee, since her husband is deemed to have chosen the limited tort option. *Id.* The trial court denied the appellant's motion and the appellant appealed. *Id.*

The Superior Court found that the trial court correctly determined that the "appellee was not a *de facto* 'owner' of the uninsured vehicle owned and operated by her husband at the time of the accident." *Id.* The Superior Court reasoned that the truck was titled only in the husband's name, the appellee could not operate the vehicle's manual transmition, and the appellee's husband had exclusive control of the vehicle as the appellee did not have keys to it. *Id.* at 656. The Superior Court found that since the appellee had no ownership interest in the vehicle, the appellee could not be bound by her husband's limited tort option that he was deemed to have chosen. *Id.* Therefore, the appellee was entitled to recover full tort benefits. *Id.*

Based upon the court's reasoning in *Ickes*, the plaintiffs argue that the plaintiff is not a *de facto* owner of the plaintiff-husband's vehicle. However, the instant case is distinguishable. In *Ickes*, the Superior Court was compelled to analyze whether the appellee was a *de facto* owner of the uninsured vehicle was because the appellee was not an "insured" under any policy. There was no automobile insurance policy insuring any vehicle in the household. Had the appellee's husband in *Ickes* insured his vehicle, the court would not have had to address whether the appellee had any property interest because she would have been the resident spouse of an owner of an insured vehicle. Under those circumstances, as are the circumstances here, the appellee would have been deemed to be an "insured" under her husband's policy and bound by his tort selection.

The language of the MVFRL is clear: the resident spouse of an owner of an insured vehicle is bound by the spouse's tort selection. The MVFRL explicitly provides that the a named insured's choice of tort benefits is to

apply to "you and the members of your household[.]" 75 Pa.C.S.A. § 1705(a). The statute does not provide for an exception when a spouse definitively meets the definition of an "insured." The court cannot modify a statute by reading words into it when the language of the statute is clear and unambiguous. Rather, the role of the judiciary is to "ascertain and effectuate the intention of the general assembly." 1 Pa.C.S.A. § 1921(a). The plain language of the MVFRL binds the plaintiff by the plaintiff-husband's tort selection.

The plaintiff argues that even if this court determines that she is an "insured" under the plaintiff-husband's policy, she is still entitled to recover full tort benefits because Evans' policy is also applicable and provides for the recovery of full tort benefits to its "insured." The MVFRL provides, "in the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise." 75 Pa.C.S.A. § 1705(b). In order to trigger this provision of the MVFRL, a person must meet the definition of an "insured" under two or more policies. As found above, the plaintiff is an "insured" under the plaintiff-husband's policy. The plaintiff was injured while a passenger in Evans' vehicle; therefore, Evans' policy is also applicable. Evans' policy defines "occupying" as "in, on, entering or exiting." *See* Ex. B to Plaintiff's Supple. Response. Evans' policy defines an "insured" for purposes of first party benefits as the following: "any other person... occupying your car[.]" *See* Ex. B to Plaintiffs' Supple.

Response. As the plaintiff was as passenger in Evans' vehicle at the time of the accident, she meets the definition of an "insured" under Evans' policy as well.

Because the there are two applicable policies with conflicting tort options, "the solution is to apply the tort option covering the vehicle in which the party was injured so long as that person is an 'insured' under that policy." *Hoffman v. Troncelliti*, 839 A.2d 1013, (Pa. 2003). Because the plaintiff was a passenger in Evans' vehicle at the time of the accident, the plaintiff was an '"insured" under Evans' policy, Evans' policy must apply. Therefore, the plaintiff is permitted to recover full tort benefits under Evans' election of full tort benefits.[1] Based upon the foregoing, the plaintiff is not bound by the plaintiff-husband's limited tort selection, and the defendant's motion for summary judgment is hereby denied.

## ORDER OF COURT

And now, this 24th day of September, 2014, this case being before the court for oral argument on April 28, 2014 regarding the motion for summary judgment filed on behalf of the defendant, with Carmen F. Lamancusa, Esquire, appearing and representing the plaintiffs and Jason A. Hines, Esquire, appearing and representing the defendant, and after a complete and thorough review of the applicable record, the court hereby orders and decrees as follows:

1. The defendant's motion for summary judgment is

---

1. The court notes that this determination is in accord with the legislative intent of the MVFRL In *Hoffman*, the Supreme Court cited the House Legislative Journal, "In virtually every circumstance where there is a question about which coverage will apply, there is a conscious attempt to rule in favor of the full tort." 839 A.2d at 1019 n.8.

hereby denied pursuant to the attached opinion.

2. The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.